**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| SHARON M. PRYSTALSKI,<br>　　　　　　Appellant, | DOCKET NUMBER<br>SF-0752-16-0577-I-1 |
| 　　　　v. | |
| DEPARTMENT OF DEFENSE,<br>　　　　　　Agency. | DATE: July 11, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Bradley R. Marshall, Charleston, South Carolina, for the appellant.

Douglas W. Frison, Esquire, APO/AP, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which sustained her removal for failure to follow instructions. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 Effective June 17, 2016, the agency removed the appellant from her School Psychologist position with the Daegu American School, Department of Defense Education Activity (DODEA), based on a charge of failure to follow instructions (2 specifications). Initial Appeal File (IAF), Tab 5 at 12, 24. In support of the charge, the agency alleged that the appellant twice failed to comply with the Assistant Principal's instructions to provide him the following information: an updated list of the students for whom she was providing services at the school; the reason each child was referred for services; the start date of services for each child; and the total number of sessions she provided for each child. IAF, Tab 6 at 12, 15-16, 21.

¶3 The appellant filed a Board appeal challenging her removal, and she requested a hearing. IAF, Tab 1. She raised several affirmative defenses but withdrew them during the hearing. IAF, Tab 1 at 5; Tabs 21, 25; Hearing Transcript (HT), December 5, 2016, at 5.

¶4 Following a hearing, the administrative judge issued an initial decision that affirmed the appellant's removal. IAF, Tab 32, Initial Decision (ID) at 1, 14.

The administrative judge found that the agency proved the charge and both specifications. ID at 12. The administrative judge also found that the agency proved nexus and that the penalty of removal is reasonable. ID at 13-14.

¶5    The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 3,[2] to which the agency has responded in opposition, PFR File, Tab 4. The appellant has filed a reply to the agency's response. PFR File, Tab 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge correctly found that the agency proved the charge by preponderant evidence.</u>

¶6    To prove a charge of failure to follow instructions, an agency must establish that the employee was given proper instructions and she failed to follow the instructions, without regard to whether the failure was intentional or unintentional. *Archerda v. Department of Defense*, 121 M.S.P.R. 314, ¶ 16 (2014). Even when the employee may have substantial reason to question the instructions, absent unusual circumstances, such as when obedience would cause her irreparable harm or place her in a clearly dangerous situation or when the instructions are clearly unlawful, she must first comply with the instructions and then, if she disagrees with them, register her complaint or grievance later. *Pedeleose v. Department of Defense*, 110 M.S.P.R. 508, ¶¶ 16, 18, *aff'd*, 343 F. App'x 605 (Fed. Cir. 2009); *Larson v. Department of the Army*, 91 M.S.P.R. 511, ¶ 21 (2002).

¶7    Applying these standards, the administrative judge found that the Assistant Principal gave the appellant proper instructions and that she failed to fully comply with them. ID at 7. The administrative judge further found that the appellant did not show that providing the requested information was clearly

---

[2] With her petition for review, the appellant submits the hearing transcript in this appeal. PFR File, Tab 3 at 28-244. Because the transcript is already part of the record, IAF, HT, it does not constitute new evidence. *See Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980).

unlawful so as to excuse her noncompliance with the instructions. ID at 9. The administrative judge therefore sustained the charge. ID at 12.

¶8        On review, the appellant argues that the Assistant Principal's instructions violated various laws, agency policies, and professional ethics standards that prohibit psychologists from disclosing confidential information. PFR File, Tab 3 at 10-23. The administrative judge thoroughly addressed this argument in the initial decision and found that the appellant was not precluded by law or professional ethics from providing the Assistant Principal with the requested information. ID at 8-12. In making this finding, the administrative judge considered each item of information that the Assistant Principal asked the appellant to provide and found that none of the requested information is confidential. ID at 9-10. For example, the administrative judge found that the reason for counseling is not confidential to the school psychologist inasmuch as DODEA Manual 2946.4 contains a form for requesting services from the school psychologist which directs the individual completing the form to identify the reason for the request. ID at 9. The administrative judge further found that for school personnel to work collaboratively and manage resources, the information at issue must be shared with administrators when requested. ID at 10.

¶9        Although the appellant clearly disagrees with the administrative judge's finding that disclosing the information would not be clearly unlawful, she has failed to show any legal error in the administrative judge's analysis. *See* 5 C.F.R. § 1201.115(b). Therefore, she has failed to provide a reason to disturb the administrative judge's finding that the agency proved the charge. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate references, and made reasoned conclusions); *see also*

*Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).[3]

<u>The administrative judge correctly found that the penalty of removal is reasonable.</u>

¶10     The appellant also argues on review that the agency improperly applied the *Douglas* factors[4] in deciding to remove her and that the penalty of removal is too severe.[5]   PFR File, Tab 3 at 23-25.   When, as here, the agency's charge is sustained, the Board will review the agency-imposed penalty only to determine if the agency considered all the relevant factors and exercised management discretion within tolerable limits of reasonableness.  *Wiley v. U.S. Postal Service*, 102 M.S.P.R. 535, ¶ 14 (2006), *aff'd*, 218 F. App'x 1001 (Fed. Cir. 2007).   In reviewing such a penalty, the Board must give due weight to the agency's primary discretion in maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility, but to ensure that managerial judgment has been properly exercised.   *Miles v. Department of the Navy*, 102 M.S.P.R. 316, ¶ 12 (2006).  The Board will modify a penalty only when it finds that the agency failed to weigh the relevant factors or that it clearly

---

[3] To the extent the appellant may be arguing that her decision to not follow the Assistant Principal's instructions was covered by the Follow the Rules Act, Pub. L. No. 115-40, 131 Stat. 861 (2017), which states that Federal workers are now protected under whistleblower laws from retaliation for refusing to obey orders that violate rules and regulations and not just statutes, the Board, in *Fisher v. Department of the Interior*, 2023 MSPB 11, ¶ 19, determined that this Act—which was signed into law on June 14, 2017—would not be applied retroactively.  *See* 5 U.S.C. § 2302(b)(9)(D).   For that reason, we have not applied this law to this case.

[4] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of 12 factors that are relevant in assessing the appropriate penalty for an act of misconduct.  These so-called *Douglas* factors include the nature and seriousness of the offense, the appellant's past disciplinary record, her past work record, her potential for rehabilitation, and mitigating circumstances surrounding the offense.  *Id.*

[5] The appellant does not challenge the administrative judge's finding that the agency proved nexus.  ID at 13.  We discern no reason to disturb this finding.

exceeded the bounds of reasonableness in determining the penalty. *Adam v. U.S. Postal Service*, 96 M.S.P.R. 492, ¶ 5 (2004).

¶11 The decision letter and the deciding official's written analysis of the *Douglas* factors demonstrate that she properly weighed these factors in deciding to remove the appellant. IAF, Tab 5 at 24-33. The deciding official found that the appellant's misconduct was "very serious" as it relates to the appellant's duties and responsibilities. *Id.* at 24. The deciding official also considered that the appellant had two recent instances of prior discipline (a letter of reprimand and a 5-day suspension) for similar misconduct and that removal is within the range of penalties set forth in the DODEA Schedule of Offenses and Recommended Penalties. *Id.* at 24-25, 28-29, 146; IAF, Tab 6 at 24-25, 31-32.

¶12 The deciding official also found that, although the appellant had over 13 years of Federal service, she is not dependable or reliable. IAF, Tab 5 at 28. In addition, the deciding official concluded that the appellant's misconduct caused management to lose all trust and confidence in her ability to perform her assigned duties and that her potential for rehabilitation was doubtful, given her disciplinary record and her repeated failure to follow instructions. *Id.* at 25, 29.

¶13 In assessing the reasonableness of the agency's penalty, the administrative judge noted the factors that the deciding official considered in making her penalty determination and found that the agency showed that removal was within the bounds of reasonableness. ID at 14. Recognizing that the Board must accord proper deference to the agency's primary discretion in managing its workforce, we see no reason to disturb this finding. *See Douglas*, 5 M.S.P.R. at 306.

¶14 Accordingly, we affirm the initial decision.

**NOTICE OF APPEAL RIGHTS**[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.