**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MICHAEL G. STEVENS,                    DOCKET NUMBER
              Appellant,                AT-1221-14-0743-W-2

              v.

DEPARTMENT OF THE AIR FORCE,            DATE: July 26, 2023
              Agency.


# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Michael G. Stevens</u>, Daphne, Alabama, pro se.

<u>Filomena Gehart</u> and <u>William V. Cochrane, Jr.</u>, Eglin Air Force Base,
    Florida, for the agency.


**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member


**FINAL ORDER**

¶1        The appellant has filed a petition for review of the initial decision, which
denied his request for corrective action in this individual right of action (IRA)
appeal.  Generally, we grant petitions such as this one only in the following
circumstances:  the initial decision contains erroneous findings of material fact;

---

[1]  A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law.  Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions.  In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to address the appellant's allegations of whistleblower reprisal under 5 U.S.C. § 2302(b)(9), we AFFIRM the initial decision.

## BACKGROUND

¶2    The appellant filed an IRA appeal alleging that in reprisal for 31 alleged protected disclosures that he made between March 2005 and June 6, 2012, and more recently between July 10, 2012, and May 31, 2013, he was subjected to 13 personnel actions, which occurred between May 13, 2013, and May 13, 2014. *Stevens v. Department of the Air Force*, MSPB Docket No. AT-1221-14-0743-W‑1, Initial Appeal File (IAF), Tab 1.[2] He did not request a hearing. *Id.* at 11. The administrative judge found that the appellant had raised nonfrivolous allegations of Board jurisdiction and issued a detailed jurisdictional order identifying the specific disclosures and personnel actions over which the appellant had established Board jurisdiction. IAF, Tab 26.

¶3    After affording the parties an opportunity to file close-of-record submissions, the administrative judge issued an initial decision, denying the

---

[2] The appellant's initial appeal was dismissed without prejudice on September 1, 2016, and automatically refiled 30 days later. IAF, Tab 34.

appellant's request for corrective action.  *Stevens v. Department of the Air Force*, MSPB Docket No. AT-1221-14-0743-W-2, Tab 6, Initial Decision (ID).  The administrative judge found that the appellant proved by preponderant evidence that he made a protected disclosure in March 2005, when he reported a Federal Travel Regulations violation comprising the denial of his travel request for a 3-day temporary duty assignment in Maitland, Florida.  ID at 7-8.  However, the administrative judge found that the appellant failed to prove that this protected disclosure in 2005 was a contributing factor in the agency's personnel actions, the earliest of which occurred 8 years later.  ID at 8.  The administrative judge also found that the agency had strong evidence in support of its personnel actions, which stemmed from a Headquarters Command notification that funding for the appellant's position and many others would be eliminated.  *Id.*

¶4    The administrative judge further found that the appellant failed to prove by preponderant evidence that his remaining protected disclosures were protected.  The administrative judge found that the appellant's alleged disclosures 6, 9-10, 12, and 19-20 concerned complaints to various individuals about his reassignment from a GS-12 Physical Scientist (Environmental) position to a GS-11 Environmental Engineer position in the Compliance section, as part of a reorganization following the headquarters notification that funding for the appellant's position and many others would be eliminated.  ID at 5, 9.  The administrative judge found that the appellant failed to prove that these alleged disclosures amounted to a disclosure of one of the categories of wrongdoing set forth in 5 U.S.C. § 2302(b)(8) because they merely amounted to questions and concerns regarding the agency's decision to reassign him and/or disagreement over the agency's decision to abolish his position.  ID at 9-12.

¶5    The administrative judge found that the appellant's alleged disclosures 13-16, 21, 24-25, and 27 involved his stated concerns regarding an Environmental Restoration Program (ERP) manager's potential conflict of interest in that he believed that the ERP Manager was requesting that certain contractors perform

work outside of their scope and, as a result, the ERP Manager might treat them more favorably when awarding a contract in the future if she subsequently served on the Performance Base Contract Board (PCB). ID at 5, 12‑13. The administrative judge found that such disclosures were not protected because a reasonable person would not have believed that they amounted to a disclosure of any of the categories of wrongdoing under section 2302(b)(8) to the extent the disclosures were speculative in nature, presupposed that the ERP Manager would serve on the PCB and the subject contractor would bid on a contract, and, ultimately, disclosed a conflict of interest that might never materialize. ID at 12-14.

¶6    The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has opposed the appellant's petition, and the appellant has filed a reply. PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7    On petition for review, the appellant largely reiterates his alleged disclosures without explaining how they amount to a disclosure of any of the categories of wrongdoing identified in 5 U.S.C. § 2302(b)(8). PFR File, Tab 1 at 7-19. He does not identify any error in the administrative judge's finding that his disclosures about his reassignment (disclosures 6, 9-10, 12, and 19-20) were not protected because they amounted to mere disagreement with the agency's decision to abolish his position[3] or that his disclosures concerning the ERP

---

[3] The appellant's alleged disclosures 6, 9, and 10 involved disclosures made in the context of a grievance. IAF, Tab 26 at 6-7. The Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112-199, 126 stat. 1465, extended the Board's jurisdiction over IRA appeals to claims of reprisal for engaging in protected activity by filing a complaint or grievance seeking to remedy whistleblower reprisal under 5 U.S.C. § 2302(b)(8). 5 U.S.C. §§ 1221(a), 2302(b)(9)(A)(i); *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 7 (2013). Here, however, the appellant has not proven, or even argued, that his grievances involved remedying a violation of 5 U.S.C. § 2302(b)(8). Thus, the administrative judge properly analyzed whether these alleged disclosures amounted to protected disclosures under 5 U.S.C. § 2302(b)(8).

Manager's alleged potential conflict of interest (disclosures 13‑16, 21, 24‑25, and 27) were not protected because they were too speculative. Nor does he challenge the administrative judge's finding that he failed to prove that his 2005 disclosure regarding travel reimbursement was a contributing factor in any of the agency's personnel actions. *Id.* at 3. To the extent the appellant has not identified any specific error in the administrative judge's analysis, the Board will not embark upon a complete review of the record. *See Baney v. Department of Justice*, 109 M.S.P.R. 242, ¶ 7 (2008); *Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992).

¶8    On review, the appellant argues that the administrative judge erred generally in finding that his disclosures were not protected because he previously found that they were protected in a July 26, 2016 jurisdictional order. PFR File, Tab 1 at 4-6. He also argues that the agency and/or the administrative judge failed to show that his disclosures were not protected and/or were not a contributing factor in the agency's personnel actions. *Id.* at 4, 6. Such arguments misconstrue the relevant burdens of proof in an IRA appeal. In his jurisdictional order, the administrative judge did not find that the appellant proved the merits of his appeal. Rather, he found that the appellant raised nonfrivolous allegations that he made a protected disclosure that was a contributing factor in the agency's decision to take a personnel action, and thus established Board jurisdiction, entitling him to a hearing, if requested. IAF, Tab 26. Because the appellant did not request a hearing, the administrative judge properly issued a close‑of‑record order, notifying the appellant of his ultimate burden of proving the merits of his appeal by establishing those same elements by preponderant evidence.[4] IAF, Tab 26 at 20; *see* 5 C.F.R. § 1201.57(c)(4). The appellant's argument that the agency and/or the administrative judge failed to show that his disclosures were

---

[4] The administrative judge also had previously notified the appellant regarding these burdens. IAF, Tab 2.

not protected is similarly unavailing because it is the appellant's burden to prove that he made a protected disclosure that was a contributing factor in a personnel action. *See* 5 U.S.C. § 1221(e)(1); *Lu v. Department of Homeland Security*, 122 M.S.P.R. 335, ¶ 7 (2015).

¶9     On review, the appellant also contends that the administrative judge erred in using improper terminology when he referred to the appellant's disclosures as relating to his reassignment instead of a downgrade or change to lower grade. PFR File, Tab 1 at 4. However, any such error does not provide a basis for reversal to the extent the appellant has not explained how this error was prejudicial and the record reflects that, although the administrative judge referred to it as a reassignment, he acknowledged that the reassignment was from a GS-12 Physical Scientist position (Environmental) to a GS-11 Environmental Engineer position. ID at 5, 9; *see Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversing an initial decision).

¶10    Regarding the appellant's alleged protected disclosures concerning the ERP Manager's alleged conflict of interest (disclosures 13-16, 21, 24-25, and 27), the appellant asserts that the administrative judge discussed, but did not identify, disclosures 21, 25, and 27 by number, and failed to discuss certain other alleged disclosures. PFR File, Tab 1 at 5. In particular, he contends that the administrative judge did not identify disclosure 13, but acknowledges that the administrative judge quoted a portion of this email disclosure in the initial decision. *Id.* Regarding disclosure 14, the appellant asserts that the administrative judge did not identify this disclosure and incorrectly described the contents of his supervisor's email response to this alleged disclosure. *Id.* However, we have reviewed this disclosure and find that it disclosed the same essential facts as disclosure 13, which the administrative judge quoted, and the administrative judge properly characterized the appellant's supervisor's reply. ID at 13, IAF, Tab 14 at 39-40, 43-44. The appellant also contends that the

administrative judge did not identify or discuss disclosure 24. PFR File, Tab 1 at 5. However, this disclosure amounts to a forwarded email of the appellant's disclosure 21, which the administrative judge referenced. ID at 13 n.6; IAF, Tab 13 at 42, Tab 26 at 11. In any event, because the appellant's disclosures concerning the ERP Manager's alleged conflict of interest all disclosed the same essential facts, any failure on the administrative judge's part to specifically discuss the details of each disclosure does not provide a basis for reversal because the analysis in the initial decision also would apply to each of these alleged disclosures.

¶11      The appellant's alleged disclosure 16 was made to the Department of Defense Inspector General (IG). Although the administrative judge analyzed this disclosure under 5 U.S.C. § 2302(b)(8), he did not analyze whether it amounted to protected activity under section 2302(b)(9)(C), which includes disclosing information to an agency's IG.[5] Therefore, we modify the initial decision to address this issue. Under the broadly worded provision of 5 U.S.C. § 2302(b)(9)(C), disclosing information to an agency's IG is protected regardless of content, as long as the disclosure is made "in accordance with applicable provisions of law." *Fisher v. Department of the Interior*, 2023 MSPB 11, ¶ 8. Thus, we find that the appellant proved by preponderant evidence that he engaged in protected activity when he disclosed information on January 10, 2013, to the agency's IG office by filing a hotline complaint concerning the ERP Manager's alleged conflict of interest. IAF, Tab 14 at 52-56.

---

[5] During the pendency of this appeal, the National Defense Authorization Act for Fiscal Year 2018 (NDAA), Pub. L. No. 115-91, 131 Stat. 1283, was signed into law on December 12, 2017. Section 1097 of the NDAA amended various provisions of Title 5 of the U.S. Code. In particular, it amended 5 U.S.C. § 2302(b)(9)(C) to include disclosing information to the Inspector General "or any other component responsible for internal investigation or review." 131 Stat. 1283, 1616. However, the result here would be the same under both pre- and post-NDAA law because the appellant disclosed information to the agency's IG.

¶12     However, we find that the appellant failed to prove by preponderant evidence that his disclosing information to the IG was a contributing factor in any of the six agency personnel actions at issue in this appeal.[6] The appellant has not offered any evidence establishing that the relevant deciding officials were aware that he filed an IG complaint. Rather, he asserts on review that the IG's email response to him, which indicated that the IG had referred his concerns to the appropriate authorities within the Department of Defense for information and any action they deemed appropriate, IAF, Tab 14 at 57, "most likely raised a few feathers" with management, PFR File, Tab 1 at 15. Such a bare statement fails to prove that the appellant's supervisor or human resources specialist or any other individual involved in the personnel actions was aware of his IG complaint. *See Jones v. Department of the Treasury*, 99 M.S.P.R. 479, ¶ 8 (2005) (finding that an appellant's insinuation and unsubstantiated speculation that an individual knew of his prior whistleblowing activity did not amount to a nonfrivolous allegation of contributing factor). Additionally, although the record below reflects that the appellant informed the legal office and Captain A.N. that he had contacted the IG and sent them a copy of his IG complaint, such individuals do not appear to have been involved in making the decision to take the relevant personnel actions.[7]

---

[6] In the jurisdictional order, the administrative judge found that the appellant established Board jurisdiction over the following personnel actions: (1) on June 4, 2013, his supervisor informed him that he would no longer be the designated point of contact for a contractor and took away other duties; (2) on June 12, 2013, the appellant's supervisor detailed him to perform GS-11 Compliance duties; (3) in June/August 2013, the appellant's supervisor denied his request for an alternative work schedule; (4) on November 26, 2013, the appellant's detail to GS-11 duties was extended to a date not to exceed February 2, 2014; (5) on February 2, 2014, the appellant's GS-11 detail ended and he was returned to his former GS-12 position, however, between February 2 and May 6, 2014, his actual duties remained those of a GS-11 Environmental Engineer; and (6) on or about April 10, 2014, a human resources employee informed the appellant that his former position had been abolished; IAF, Tab 26 at 14-17.

[7] We are unable to discern from the appellant's lengthy submissions below any specific argument concerning whether the officials involved in taking the relevant personnel actions were aware of his IG complaint. However, the appellant bears the burden of

IAF, Tab 12 at 16, Tab 13 at 54-56. Thus, the appellant has not established contributing factor via the knowledge/timing test. *See* 5 U.S.C. § 1221(e)(1) (explaining that an employee may demonstrate contributing factor through circumstantial evidence that the official taking the personnel action knew of the protected activity and the personnel action occurred within a period of time such that a reasonable person could conclude that the protected activity was a contributing factor in the personnel action).

¶13     Further, the appellant has not proven contributing factor considering the strength of the agency's evidence and the lack of motivation on the part of the individuals who took the personnel actions. *Rumsey v. Department of Justice*, 120 M.S.P.R. 259, ¶ 26 (2013) (stating that if an appellant fails to satisfy the knowledge/timing test, the Board must consider other evidence, such as that pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the proposing or deciding official, and whether those individuals had a desire or motive to retaliate against the appellant). The appellant's IG complaint concerned an alleged conflict of interest on an ERP manager's part and was not directed at his supervisor or the human resources specialist who took the relevant personnel actions. Thus, we are unable to discern a motive to retaliate on the part of the relevant officials. Further, as the administrative judge found, the agency had strong evidence in support of its actions, which stemmed from a headquarters-directed reorganization in which the appellant's position was abolished. Accordingly, we modify the initial decision to find that the appellant has not proven by preponderant evidence that his protected activity in disclosing

---

proving contributing factor, 5 U.S.C. § 1221(e)(1); 5 C.F.R. § 1201.57(c)(4), and it is not the Board's obligation to pore through the record to construe and make sense of allegations set forth at various parts of a voluminous case file, *see Keefer v. Department of Agriculture*, 92 M.S.P.R. 476, ¶ 18 n.2 (2002).

information to the IG was a contributing factor in any of the agency's personnel actions.

## NOTICE OF APPEAL RIGHTS[8]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]   The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                         /s/ for
                                      Jennifer Everling
                                      Acting Clerk of the Board

Washington, D.C.