**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| NINA M. COLEMAN, | DOCKET NUMBER |
| Appellant, | DA-1221-17-0500-W-1 |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, | DATE: February 23, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Nina M. Coleman, Dallas, Texas, pro se.

Morgan Kinney, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which denied her request for corrective action in this individual right of action appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The appellant has timely filed a petition for review, as well as a supplement to her petition for review. Petition for Review (PFR) File, Tabs 1-2.[2] The agency has filed a response in opposition to the petition for review, and the appellant has not filed a reply. PFR File, Tab 4. Additionally, the Office of Special Counsel (OSC) has filed an amicus curiae brief.[3] PFR File, Tab 5.

On review, the appellant argues that the administrative judge erred in the following manner: (1) by asserting that the appellant could have left the disaster site earlier so as to complete her travel by December 24th; (2) determining that

---

[2] Although the finality date of the initial decision was October 19, 2018, and the appellant's petition for review was electronically time-stamped as received at 12:52 a.m. Eastern Time on October 20, 2018, the Board acknowledged the appellant's petition for review as timely filed because she filed it from the Central Time Zone. PFR File, Tab 1 at 1, Tab 3 at 1-2; *see* 5 C.F.R. § 1201.14(m)(1) (2018) (noting that the timeliness of all pleadings filed via the Board's e-Appeal Online system are assessed based on the time zone from which the pleadings were being filed).

[3] We grant OSC's unopposed motion for leave to file an amicus curiae brief. PFR File, Tab 5 at 2 n.1; *see* 5 C.F.R. § 1201.34(e) (setting forth the procedures for amicus curiae). In its amicus curiae brief, OSC argues that the changes to 5 U.S.C. § 2302(b)(9)(D) introduced by the Follow the Rules Act (FTRA), Pub. L. No. 115-40, 131 Stat. 861 (2017), should be applied retroactively to personnel actions that occurred prior to the Act's enactment and requests that the Board grant the petition for review and remand the appeal to the administrative judge for new findings based on a retroactive application of the FTRA. PFR File, Tab 5 at 1-13.

the December 9, 2016 email regarding her departure from the disaster area was addressed to the appellant and included instructions directed at her; (3) disregarding the fact that the appellant's Branch Director was aware the appellant was traveling by car; and (4) stating that the appellant's reasonable accommodation request may not have been in effect during the relevant timeframe. PFR File, Tab 1 at 5. She also argues that the administrative judge erred by failing to address a number of issues the appellant raised in her pleadings below, including the appellant's discussions of laws against drowsy driving, a news article related to a traffic accident and road closure, and questions related to the effective date of her termination. *Id.* at 4-5. Finally, the appellant argues that the administrative judge erred by concluding that the Follow the Rules Act, Pub. L. No. 115-40, 131 Stat. 861 (2017) (FTRA) did not apply retroactively to her case.[4] *Id.* at 6-7, 22-32.

---

[4] The appellant has provided several attachments with her petition for review and in a supplemental filing, including a link to a voicemail audio recording, copies of emails, medical documentation, and news articles. PFR File, Tab 1 at 8-21, 33; Tab 2 at 10-21, 34-35. We have reviewed these attachments, and we find that the appellant has not shown that any of the information is either new or material, so we have not considered it. *See Okello v. Office of Personnel Management*, 112 M.S.P.R. 563, ¶ 10 (2009) (noting that under 5 C.F.R. § 1201.115(d), the Board will not consider evidence submitted for the first time with a petition for review absent a showing that it is both new and material). A number of the documents, including the conditions of employment form, the reasonable accommodation request, the cost comparison, the news article, and most of the email messages, were included in the record below. Initial Appeal File (IAF), Tab 1 at 9-19; Tab 13 at 8; Tab 18 at 17-20; Tab 51 at 13-14, 18-20; *see Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (explaining that evidence that is already a part of the record is not new). Further, with the exception of the email containing a link to a voicemail recording, all of the documents predate the initial decision, and therefore are not "new." Although the email appears to be "new" in the sense that the appellant created the link and sent it to herself on October 17, 2018, after the initial decision was issued, the content of the message is not new because the appellant was in possession of the voicemail message before the initial decision was issued and referred to it in a filing below. IAF, Tab 55 at 5; *see Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564-65 (1989) (declining to consider documents submitted for the first time on review where the appellant admitted that he was in possession of the information contained in the documents before the initial decision had been issued). Additionally, it is not material because it does not change the outcome of the case.

In *Fisher v. Department of the Interior*, 2023 MSPB 11, ¶ 19, the Board considered for the first time whether the changes in the FTRA expanding section 2302(b)(9)(D)'s coverage to include a rule or regulation applied retroactively, concluding that, based on the test set forth by the U.S. Supreme Court in *Landgraf v. USI Film Products*, 511 U.S. 244 (1994), the FTRA does not apply to events that occurred prior to the FTRA's enactment. Accordingly, we agree with the administrative judge's conclusion that the changes to section 2302(b)(9)(D) incorporated in the FTRA do not retroactively apply here, when both the challenged order and the allegedly retaliatory action predate the June 14, 2017 enactment of the FTRA, and consequently, we conclude that this appeal is governed by the pre-FTRA language of section 2302(b)(9)(D). *See Fisher*, 2023 MSPB 11, ¶ 19; Initial Appeal File, Tab 63, Initial Decision (ID) at 9-10.

Having determined that the appeal was governed by the pre-FTRA version of 5 U.S.C. § 2302(b)(9)(D), the administrative judge concluded that the appellant failed to meet her burden of proving that she was terminated because she refused to obey an order that would have required her to violate a law. ID at 10. We agree. As the administrative judge correctly observed, our reviewing court has held that the protections in the pre-FTRA version of section 2302(b)(9)(D) extend only to orders that would require an individual to take an action barred by statute. *Rainey v. Merit Systems Protection Board*, 824 F.3d 1359, 1361-62, 1364-65 (Fed. Cir. 2016) (holding that the protection granted in section 2302(b)(9) is limited to orders that are contrary to a statute and does not encompass orders that are contrary to an agency's rules or regulations); *see Department of Homeland Security v. MacLean*, 574 U.S. 383, 394-95 (2015) (construing statutory language in 5 U.S.C. § 2302(b)(8) to find that a disclosure prohibited by agency rule or regulation was not a disclosure prohibited by law); ID at 9.

Accordingly, the administrative judge correctly determined that the appellant's activity did not constitute protected activity. Consequently, we

discern no error in the administrative judge's conclusion that the appellant failed to prove by preponderant evidence that she made any protected disclosure under 5 U.S.C. § 2302(b)(8) or engaged in any protected activity as defined in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), and (D).[5]  Nor do we discern any errors in the administrative judge's factual findings.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[5] The Whistleblower Protection Enhancement Act of 2012 (WPEA), which went into effect on December 27, 2012, does not affect the relevant holding in this cited authority, nor does it affect the relevant holdings in the other authorities cited herein that were issued prior to the effective date of the WPEA.  *See* Pub. L. No. 112-199, 126 Stat. 1465.  Additionally, all of the relevant events in this appeal occurred after the December 27, 2012 effective date of the WPEA.  Therefore, we have applied the WPEA to this appeal.

Furthermore, during the pendency of this appeal, the National Defense Authorization Act for Fiscal Year 2018 (NDAA), Pub. L. No. 115-91, 131 Stat. 1283, was signed into law on December 12, 2017.  Section 1097 of the NDAA amended various provisions of Title 5 of the United States Code.  Our decision here would be the same under both pre- and post-NDAA law.

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:          _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.