# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BENJAMIN A. NEVAREZ,
                    Appellant,

               v.

DEPARTMENT OF THE ARMY,
                    Agency.

DOCKET NUMBER
DE-0752-18-0109-I-1

DATE: April 25, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

R. Chris Pittard, Esquire, San Antonio, Texas, for the appellant.

Casey W. Hinson, Esquire, Falls Church, Virginia, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which sustained his removal. For the reasons discussed below, we GRANT the appellant's petition for review. We AFFIRM the administrative judge's findings that the agency met its burden to prove the charge, nexus, and penalty, and that the appellant failed to prove his Title VII discrimination and retaliation claims. We VACATE the administrative judge's findings as to the appellant's claim of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

reprisal for activity protected under 5 U.S.C. § 2302(b)(9)(C), and REMAND the case to the field office for further adjudication in accordance with this Remand Order.

## BACKGROUND

Prior to his removal, the appellant was employed as a GS-07 Supervisory Security Guard at the agency's Test and Evaluation Command at the White Sands Missile Range (WSMR) in New Mexico. Initial Appeal File (IAF), Tab 1 at 1, Tab 10 at 41. The appellant's job duties included performing as the shift supervisor for the civilian guards tasked with providing protective measures at a nuclear reactor. IAF, Tab 10 at 44-45. As a condition of his employment, he was required to maintain Personnel Reliability Program (PRP) enrollment. *Id.* at 45. The purpose of the PRP is to ensure that each employee who performs duties in support of the nuclear weapons program or at agency nuclear facilities "meets the highest possible standards of reliability." *Id.* at 50.

In March 2011, the appellant made disclosures to the agency's Office of the Inspector General (OIG) and to his supervisors that he and his subordinates should not have been charged leave after they were instructed to go home after completing a training exercise that month. IAF, Tab 9 at 4, 70; *Nevarez v. Department of the Army*, MSPB Docket No. DE-1221-13-0166-B-1, Remand Initial Decision (0166 RID) at 3-4, 11 (Aug. 24, 2016). On February 13, 2012, the appellant filed a complaint with the Office of Special Counsel (OSC), in which he alleged that he had been subject to reprisal after he made his March 2011 disclosures. IAF, Tab 9 at 70. He alleged that, in reprisal for his whistleblowing, the agency proposed to suspend him for 30 days, which was later changed to a letter of proposed removal, but was ultimately mitigated to a 3-day suspension. *Id.* at 68. He also alleged that he was given a lowered performance appraisal rating and placed on administrative leave until October 31, 2012. *Id.* On November 27, 2012, OSC closed its investigation and advised the appellant of

his right to file an individual right of action (IRA) appeal before the Board. *Id.* at 68-71.

In January 2013, the appellant filed an IRA appeal. *Nevarez v. Department of the Army*, MSPB Docket No. DE-1221-13-0166-W-2, Initial Decision at 1 (May 15, 2014). The field office issued an initial decision denying the appellant's request for corrective action. *Id.* at 2, 10. The appellant filed a petition for review of that initial decision, and the Board issued a remand order vacating the initial decision and remanding the appeal for further adjudication. *Nevarez v. Department of the Army*, MSPB Docket No. DE-1221-13-0166-W-2, Remand Order (0166 RO) (Sept. 29, 2014). On remand, the field office found that the agency retaliated against the appellant—by removing his ability to certify time and attendance records for his subordinates in March 2011, lowering his performance rating for the rating period from March 2011 to February 2012, and proposing a 30-day suspension in August 2011—for his March 2011 disclosure. 0166 RID at 11, 14-22.

Meanwhile, in May 2013, the Chief of Security Operations at the WSMR temporarily disqualified the appellant from continued enrollment in the PRP, and, 3 months later, recommended permanent disqualification to the WSMR's Commander. IAF, Tab 10 at 34-36, 40. As justification, this recommendation alleged, among other reasons, that the appellant had failed to follow instructions, showed an unwillingness to complete tasks, failed to attend a meeting with the Chief of Security Operations in March 2013, failed to attend a meeting with the Commander in May 2013, and made unsubstantiated claims alleging supervisors violated rules in March 2013. *Id.* at 35-36. The Commander permanently disqualified the appellant from the PRP as of September 10, 2013. *Id.* at 32-33. On November 2, 2017, the agency proposed the appellant's removal for failure to meet a condition of employment due to his permanent disqualification from the PRP in 2013. *Id.* at 30-31. On December 5, 2017, the deciding official removed the appellant effective December 9, 2017. *Id.* at 23.

After holding the appellant's requested hearing, the administrative judge sustained the appellant's removal. IAF, Tab 26, Initial Decision (ID) at 2. Specifically, he found that the agency proved its charge that the appellant failed to meet a condition of his employment due to his disqualification from the PRP. ID at 8-11. The administrative judge denied the appellant's affirmative defenses. ID at 11-15. Specifically, he found that, while the three supervisors who were characterized in the remand initial decision in the appellant's prior appeal as having a strong motive to retaliate against the appellant submitted materials in support of the appellant's PRP disqualification, the Commander did not greatly rely on those materials when making his decision. ID at 12; 0166 RID at 16, 18, 23. Thus, he found that the appellant did not prove that his protected activity of filing an OSC complaint was a contributing factor in his PRP disqualification. ID at 11-13. He went on to find that the agency proved it would have removed the appellant absent his protected activity. ID at 12-13. The administrative judge did not address the appellant's claim of reprisal for his March 2011 disclosure. *Id.*; IAF, Tab 25 at 6. The administrative judge also found that the appellant did not prove that his race or his 2014 and 2015 equal employment opportunity (EEO) complaints were motivating factors in his removal. ID at 13-15.

The appellant has timely filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response to the petition.[2] PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

On review, the appellant does not challenge the administrative judge's determination that the agency proved the charge, that the penalty of removal was reasonable, and that he failed to prove his affirmative defenses of discrimination

---

[2] The agency has titled its pleading as both a response to the petition for review and a motion to dismiss. PFR File, Tab 3 at 4. However, the agency did not provide any argument as to the dismissal of the petition for review. Thus, we discern that its reference to a motion to dismiss was inadvertent.

based on his race and reprisal for filing prior EEO complaints. PFR File, Tab 1 at 5-8. Rather, he only contends that the administrative judge erred in rejecting his affirmative defense of whistleblower reprisal. *Id.* Specifically, he alleges that the Chief of Security Operations and the Commander, the certifying and reviewing officials for the PRP disqualification, were aware of his "protected activities" and failed to take action against the individuals who retaliated against him. *Id.* at 5.[3]

We modify the initial decision to properly identify all of the protected activities and disclosures at issue in this appeal.

In an adverse action appeal such as this, an appellant's claim of reprisal for making a disclosure protected under 5 U.S.C. § 2302(b)(8), or in engaging in activity under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), is treated as an affirmative defense.[4] *Campbell v. Department of the Army*, 123 M.S.P.R. 674, ¶ 11 (2016) (analyzing a claim of whistleblower reprisal); *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 10 (2016) (analyzing a claim of reprisal for filing a prior Board appeal). Here, the administrative judge found that the appellant engaged in protected activity under 5 U.S.C. § 2302(b)(9)(C) when he filed his OSC complaint in February 2012. ID at 7. We agree. However, the appellant's OSC complaint was not the only activity for which he alleged reprisal. He also raised a claim of reprisal for making disclosures to his supervisors and the OIG in March 2011. IAF, Tab 9 at 72, Tab 19 at 111, Tab 25 at 6. As to the appellant's OIG complaint, it is protected activity under 5 U.S.C. § 2302(b)(9)(C), regardless of its content. *Fisher v. Department of the Interior*, 2023 MSPB 11, ¶ 8. As to

---

[3] The appellant also makes various arguments regarding issues in his other Board appeals, such as arguments regarding his petition for enforcement in *Nevarez v. Department of the Army*, MSPB Docket No. DE-1221-13-0166-C-1. PFR File, Tab 1 at 6. These arguments are not relevant to the instant appeal, and we decline to address them here.

[4] When, as here, the protected activity occurred before, and the alleged personnel action occurred after, the effective date of the Whistleblower Protection Enhancement Act of 2012 (WPEA), the Board applies the WPEA. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 51.

the appellant's disclosure to his supervisors in March 2011, the Board has previously identified this disclosure as protected, and neither party disputed that finding. IAF, Tab 19 at 111, Tab 25 at 6; 0166 RO, ¶ 5; 0166 RID at 11.

For the first time on review, the appellant also appears to make additional disclosures of wrongdoing, such as the Chief of Security Operations causing damage to Government vehicles. PFR File, Tab 1 at 5; IAF, Tab 1 at 3, Tab 25 at 6-11. He also raises additional personnel actions, including the agency's failure to prevent harassment by the supervisors who retaliated against him. PFR File, Tab 1 at 5. The Board will not consider arguments raised for the first time on review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); 5 C.F.R. § 1201.115(d). Here, the appellant has failed to show that his arguments regarding additional disclosures of wrongdoing and personnel actions were based on new and material evidence not previously available despite his due diligence; accordingly, the Board will not consider these arguments.[5]

---

[5] The appellant also attaches documents for the first time with his petition for review. PFR File, Tab 1 at 9-18, 25-32. The Board will not consider evidence submitted for first time with a petition for review absent a showing that it was unavailable before the record closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115(d). Here, the documents are not new because they are dated prior to the date of the initial decision. *See Alexander v. Department of Veterans Affairs*, 90 M.S.P.R. 591, ¶ 8 (2002) (finding that, documents that were available before the issuance of the initial decision did not constitute new evidence). Because the appellant has not shown that the evidence he submitted for the first time on review was unavailable before the record closed despite his due diligence, we will not consider it. The appellant resubmits his response to the proposed removal, which is already part of the record below, and thus is not new. *Compare* PFR File, Tab 1 at 19-24, *with* IAF, Tab 10 at 24-29; s*ee Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (finding that evidence that is already a part of the record is not new).

The appellant met his burden to prove that his protected activities and disclosure were contributing factors in his disqualification from the PRP.

Next, the appellant must establish by preponderant evidence that he engaged in protected activity that was a contributing factor in the personnel action at issue. *Elder v. Department of the Air Force*, 124 M.S.P.R. 12, ¶ 39 (2016). One way of proving that an appellant's prior protected activity was a contributing factor is the knowledge/timing test. *Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶ 13 (2015). This test allows an employee to demonstrate that his prior protected activity was a contributing factor in the challenged action by showing that the deciding official knew of the protected activity and took the personnel action within a period of time such that a reasonable person could conclude that the protected activity was a contributing factor in the action. *Id.* An appellant may also satisfy the knowledge prong of the knowledge/timing test by proving that the official taking the action had constructive knowledge of the disclosure, even if he did not have actual knowledge. *Nasuti v. Department of State*, 120 M.S.P.R. 588, ¶ 7 (2014). An appellant may establish constructive knowledge by showing that an individual with actual knowledge of the disclosure influenced the official accused of taking the retaliatory action. *Id.* Once the knowledge/timing test has been met, an administrative judge must find that the appellant has shown that his whistleblowing was a contributing factor in the personnel action at issue, even if, after a complete analysis of all of the evidence, a reasonable factfinder could not conclude that his whistleblowing was a contributing factor in the personnel action. *Schnell v. Department of the Army*, 114 M.S.P.R. 83, ¶ 21 (2010).

Regarding the knowledge prong of the test, the administrative judge did not make a finding as to whether the Chief of Security Operations or the Commander, who recommended and made the decision to permanently disqualify the appellant from the PRP, were aware of the appellant's OSC complaint.[6] ID at 12.

---

[6] The administrative judge did not evaluate contributing factor as to the appellant's OIG complaint or March 2011 disclosure because, as discussed above, he failed to identify

However, he acknowledged that, at a minimum, the Commander relied on materials and input from three supervisors that the administrative judge previously found had some motive to retaliate against the appellant in the context of his prior IRA appeal. ID at 12; 0166 RID at 16, 18, 23. The administrative judge found that the "retaliatory actions of the three [prior] supervisors occurred close enough in time that their continued retaliatory intent can be inferred." ID at 12. However, he then found that the Commander "did not *greatly* rely on memorandums or other input from the three supervisors in permanently disqualifying the appellant from the PRP." *Id.* (emphasis added). He concluded that the appellant did not prove that his OSC complaint was a contributing factor in his disqualification from the PRP. ID at 13. We disagree.

The appellant made his disclosures to supervisors in March 2011, contacted the agency OIG the same month, and filed his OSC complaint in February 2012. IAF, Tab 9 at 68-71; 0166 RID at 3-4, 11. The Chief of Security Operations temporarily disqualified the appellant from the PRP in May 2013 and recommended his permanent disqualification in August 2013. IAF, Tab 10 at 34-36, 40. The Commander permanently disqualified the appellant from the PRP in September 2013. *Id.* at 33. These personnel actions began within approximately 2 years of the appellant's protected disclosure to his supervisors and filing his OIG and OSC complaints. The Board has found that comparable periods of time between a protected disclosure and a personnel action can satisfy the knowledge/timing test. *See Agoranos v. Department of Justice*, 119 M.S.P.R. 498, ¶¶ 21-23 (2013) (finding that the timing prong of the knowledge/timing test was met when the first personnel action occurred within 2 years of an appellant's disclosure and other personnel actions occurring later were part of a continuum flowing from the first action). We therefore find that the appellant has satisfied the knowledge/timing test as to the 2013 PRP disqualification.

---

them as a protected activity and protected disclosure.

The appellant's removal, based on his failure to meet a condition of employment due solely to his permanent disqualification from the PRP, occurred in 2017. IAF, Tab 10 at 23, 30-31. In his written reply to his proposed removal, the appellant provided detailed information arguing that his removal was reprisal for the disclosures he made in March 2011 and his OIG and OSC complaints. *Id.* at 24-26. The deciding official indicated that he had received and considered the information contained in the appellant's written reply. *Id.* at 23. Thus, the deciding official had actual knowledge of the appellant's protected activities and disclosure. Further, because the appellant's removal flowed from the PRP decision, which was influenced by individuals with a retaliatory motive against the appellant, both the proposing and deciding officials had constructive knowledge of the protected activities and disclosure. *Nasuti*, 120 M.S.P.R. 588, ¶ 7.

The appellant has also met the timing prong of the knowledge/timing test. His removal is the culmination of the PRP recommendation and decision, as to which the timing prong is satisfied. *Agoranos*, 119 M.S.P.R. 498, ¶¶ 21-23. As such, we find that the appellant proved by preponderant evidence that his protected activities of filing OIG and OSC complaints and his March 2011 disclosure were contributing factors in an agency personnel action, his PRP disqualification and subsequent removal. Thus, we vacate the administrative judge's finding that the appellant failed to prove that his whistleblowing activity was a contributing factor in his disqualification from the PRP and subsequent removal and remand the issue for further adjudication.

The appeal is remanded to the administrative judge to assess whether the agency proved that it would have disqualified the appellant from the PRP and removed him in the absence of his protected activity and disclosures under the clear and convincing evidence standard.

Once an appellant establishes a prima facie case of whistleblowing, the burden shifts to the agency to prove by clear and convincing evidence that it would have taken the same personnel action in the absence of the appellant's

whistleblowing. 5 U.S.C. § 1221(e); s*ee Jenkins v. Environmental Protection Agency*, 118 M.S.P.R. 161, ¶ 16 (2012). In determining whether an agency has met this burden, the Board will consider the following factors: (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999); *see Whitmore v. Department of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012) (recognizing that "[e]vidence only clearly and convincingly supports a conclusion when it does so in the aggregate considering all the pertinent evidence in the record, and despite the evidence that fairly detracts from that conclusion").

Notwithstanding his determination that the appellant failed prove that his protected activity of filing an OSC complaint in 2012 was a contributing factor in his disqualification from the PRP, the administrative judge went on to find that the agency showed by clear and convincing evidence that it would have taken the same action in the absence of the appellant's whistleblowing. ID at 13. The administrative judge erred in determining whether the agency proved by clear and convincing evidence that it would have taken the action despite finding that the appellant did not prove contributing factor. *See Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 28 (2016) (explaining that it was error for an administrative judge to find the appellant failed to prove his prima facie case of whistleblower reprisal and nonetheless proceed to find that the agency proved its affirmative defense). Accordingly, we vacate the administrative judge's finding that the agency proved by clear and convincing evidence that it would have disqualified the appellant from the PRP absent his whistleblowing.

On remand, the administrative judge should conduct a new *Carr* factor analysis and render a conclusion on whether the agency met its burden of proving by clear and convincing evidence that it would have removed the appellant in the

absence of his protected activities and disclosure. *See Agoranos*, 119 M.S.P.R. 498, ¶¶ 29-33 (ordering the administrative judge to conduct a new *Carr* factor analysis on remand due to deficiency in her original analysis). Below, the administrative judge was overly dismissive of any motive to retaliate by the Commander and the Chief of Security Operations. ID at 12-13.

For example, the appellant contended below that the Chief of Security Operations and the Commander were motivated to retaliate against him because many of the documents they reviewed and relied upon in recommending and making the decision to permanently disqualify him from the PRP originated from the three prior supervisors who were previously found to have a strong motive to retaliate against him. IAF, Tab 25 at 7-9. The administrative judge failed to adequately consider in his analysis the effect that the three prior supervisors' retaliatory motive had upon the Chief of Security Operations and the Commander. Rather, the administrative judge focused on the fact that the Chief and Commander arrived after the personnel actions in the prior IRA appeal occurred and found that the appellant's arguments were "mere conjecture." ID at 12-13. The administrative judge also did not consider in his analysis the strength of the agency's evidence in support of its actions. *Id.* Thus, on remand the administrative judge must explicitly address all three *Carr* factors. *See, e.g.*, *Mithen v. Department of Veterans Affairs*, 119 M.S.P.R. 215, ¶¶ 23-24 (2013) (remanding the case to the administrative judge for an assessment of whether the agency proved by clear and convincing evidence that it would have taken the action, including rendering credibility determinations); *Massie v. Department of Transportation*, 118 M.S.P.R. 308, ¶¶ 7-8 (2012) (remanding the case for consideration of the evidence as a whole under *Whitmore*).

**ORDER**

For the reasons discussed above, we remand this case to the field office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD:     _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.