**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

**2023 MSPB 11**

Docket No. SF-0351-16-0192-I-1

**Arthur E. Fisher,**

**Appellant,**

**v.**

**Department of the Interior,**

**Agency.**

March 16, 2023

Arthur E. Fisher, Hailey, Idaho, pro se.

Anna Roe, Portland, Oregon, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## OPINION AND ORDER

¶1    The appellant has filed a petition for review of the initial decision, which affirmed his separation pursuant to a reduction-in-force (RIF) action. After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under 5 C.F.R. § 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Opinion and Order to clarify the administrative judge's analysis of the appellant's whistleblower reprisal affirmative defense, we AFFIRM the initial decision.

BACKGROUND

¶2    The appellant was a Realty Officer at the Siletz Agency within the Bureau of Indian Affairs in Siletz, Oregon.  Initial Appeal File (IAF), Tab 4 at 13.  On September 29, 2015, the agency notified him that his position would be abolished and he would be separated by RIF.  *Id.* at 16-18.  It informed him that the RIF was due to a decision by the agency's Regional Director of the Northwest Region (Regional Director) to close the Siletz Agency through a reorganization.  *Id.* at 16.  The appellant's separation was effective December 4, 2015.  *Id.* at 13.

¶3    The appellant filed an appeal of his separation with the Board and raised affirmative defenses of age discrimination and whistleblower reprisal.  IAF, Tabs 1, 29.  After holding the requested hearing, the administrative judge issued an initial decision that affirmed the separation, finding that the agency invoked the RIF regulations for a legitimate reason, i.e., a reorganization resulting in the closure of the Siletz Agency, and that the agency properly applied the RIF regulations as to the appellant's competitive level and competitive area.  IAF, Tab 53, Initial Decision (ID) at 1, 3-6.  The administrative judge additionally found that the appellant failed to prove his affirmative defenses.  ID at 11, 19.  Concerning his age discrimination claim, she found that the appellant failed to provide sufficient evidence to establish that age was a factor in his separation.  ID at 7-11.  Concerning his whistleblower reprisal claim, she found that the appellant failed to meet his burden of showing that he made a protected disclosure.  ID at 11-15.  She then found in the alternative that, if the appellant had shown that his disclosures were protected, he would have met his burden to show that they were a contributing factor in his separation because the alleged retaliating official, the Regional Director, had actual or constructive knowledge of his disclosures, and because his separation occurred less than 2 years after them.  ID at 15-16.  The administrative judge then determined that the agency nevertheless demonstrated by clear and convincing evidence that it would have

separated the appellant notwithstanding any alleged protected disclosures. ID at 16-19.

¶4    The appellant has filed a petition for review, primarily challenging the administrative judge's findings concerning his whistleblower retaliation claim. Petition for Review (PFR) File, Tab 1.  The agency has responded in opposition to the petition for review, and the appellant has replied to the response.  PFR File, Tabs 4-5.

## ANALYSIS

The appellant failed to prove that he made a protected disclosure under 5 U.S.C. § 2302(b)(8).

¶5    Under the Whistleblower Protection Enhancement Act of 2012 (WPEA), to prevail on a prohibited personnel practice affirmative defense in a chapter 75 appeal that independently could form the basis of an individual right of action (IRA) appeal, once the agency proves its adverse action case by a preponderance of the evidence, the appellant must demonstrate by preponderant evidence that he made a protected disclosure under 5 U.S.C. § 2302(b)(8) or engaged in protected activity under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and that the disclosure or activity was a contributing factor in the adverse action.  *See Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶¶ 12-13 (2015) (recognizing that, under the WPEA, an appellant may raise an affirmative defense of whistleblower retaliation based on protected activity under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), and (D)); *Shibuya v. Department of Agriculture*, 119 M.S.P.R. 537, ¶ 19 (2013) (stating the foregoing proposition concerning disclosures protected by 5 U.S.C. § 2302(b)(8)).  If the appellant meets this burden, then the burden of persuasion shifts to the agency to prove by clear and convincing evidence that it would have taken the same action in the absence of the appellant's protected disclosure or activity.  *Alarid*, 122 M.S.P.R. 600, ¶ 14.

¶6    Under 5 U.S.C. § 2302(b)(8), it is a prohibited personnel practice to take a personnel action because of any disclosure of information by an employee that the

employee reasonably believes evidences any violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. The proper test for determining whether an employee had a reasonable belief that his disclosures revealed one of the categories of misconduct listed under 5 U.S.C. § 2302(b)(8), is this: Could a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee reasonably conclude that the actions of the Government evidence wrongdoing as defined by that statute? *White v. Department of the Air Force*, 95 M.S.P.R. 1, ¶¶ 27-28 (2003), *aff'd*, 391 F.3d 1377 (Fed. Cir. 2004); *see also Lachance v. White*, 174 F.3d 1378 (Fed. Cir. 1999).

¶7        Here, the administrative judge identified two alleged protected disclosures regarding the appellant's concerns about the administration of the Grand Ronde Secretarial Election that he made to, among others, the Regional Director, the Office of Special Counsel (OSC), and his agency's Office of Inspector General (OIG). ID at 12-13, 18-19; IAF, Tab 36 at 33-34, Tab 37 at 18-35, 59-60, 75-77, Tab 49, Hearing Compact Disc (HCD) Nos. 4-5 (testimony of the appellant). The administrative judge found, however, that the appellant failed to show that a disinterested observer could reasonably conclude that he disclosed information evidencing a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety based on the evidence adduced in this appeal. ID at 12-15. She therefore found that the appellant did not meet his burden of showing that he made a protected disclosure. ID at 15. The appellant presents no argument to challenge these findings on review, and we discern no basis to disturb them.

The appellant failed to prove that his protected activity under 5 U.S.C. § 2302(b)(9)(C) was a contributing factor in his separation.

¶8        Although we agree that the appellant failed to meet his burden concerning his alleged protected disclosures under 5 U.S.C. § 2302(b)(8), we find that the

appellant did meet his burden of showing that he engaged in protected activity under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). *See Alarid*, 122 M.S.P.R. 600, ¶ 12. Specifically, under 5 U.S.C. § 2302(b)(9)(C), an employee engages in protected activity when he discloses information to the agency's OIG or to OSC "in accordance with applicable provisions of law." Here, the record reflects that the appellant filed complaints with OSC on May 28, 2014, IAF, Tab 37 at 28, 83, and that, when he did not receive a response from OSC, he filed copies of his OSC complaints with OIG, IAF, Tab 1 at 7 n.2, Tab 36 at 33-34. Under the broadly worded provision of 5 U.S.C. § 2302(b)(9)(C), any disclosure of information to OIG or OSC is protected regardless of its content as long as such disclosure is made in accordance with applicable provisions of law.[1] We find that the appellant's submissions to both OSC and OIG meet that broad standard and therefore that these disclosures constitute protected activity under 5 U.S.C. § 2302(b)(9)(C).

¶9      Because the appellant established that he engaged in protected activity under 5 U.S.C. § 2302(b)(9)(C), he must next establish that the protected activity was a contributing factor in his separation. *See Alarid*, 122 M.S.P.R. 600, ¶ 13. Although the administrative judge determined that, had the appellant established that he made protected disclosures under section 2302(b)(8), he would have met his burden of showing that the disclosures were a contributing factor in his separation, ID at 15-17, we find that the appellant fails to show that his activity under section 2302(b)(9)(C) was a contributing factor in the agency action.

---

[1] The nature of the disclosures to OIG or OSC may be relevant at the merits stage of an IRA appeal, when an appellant must prove the contributing factor element by preponderant evidence and the agency must defend itself by providing clear and convincing evidence that it would have taken the same personnel action absent the protected activity. *See Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 13 (2016) (setting forth the elements and burden of proving the merits of an IRA appeal based on a claim of reprisal for perceived activity under 5 U.S.C. § 2302(b)(9)(C)).

Specifically, there is nothing in the record to show that the Regional Director knew that the appellant had filed a complaint with OSC or OIG regarding his concerns about the administration of the Grand Ronde Secretarial Election prior to the Regional Director's decision to close the Siletz Agency. Moreover, the Regional Director, whom the administrative judge found to be credible, ID at 9, testified that he did not become aware that the appellant had filed a complaint with OSC until he saw the appellant's interrogatories in this Board appeal and that he was unaware until this appeal that the appellant had filed anything formal about his alleged whistleblowing, HCD No. 2 at 4:09-5:42 (testimony of the Regional Director). Therefore, although the administrative judge found that the appellant proved that the Regional Director had actual or constructive knowledge of his disclosures under section 2302(b)(8), we find that he has failed to show that the Regional Director knew of his protected activity under section 2302(b)(9)(C). Accordingly, we find that the appellant has not shown by preponderant evidence that his disclosures to OSC or OIG were a contributing factor in his separation.

¶10    The majority of the appellant's arguments on review concern his challenges to the administrative judge's alternate finding that the agency proved by clear and convincing evidence that it would have separated him in the absence of his protected activity, arguing that the closure of the Siletz Agency was a pretext for whistleblower retaliation.[2]  PFR File, Tab 1 at 6-15. However, because we have

---

[2] To the extent the appellant's challenges to the administrative judge's findings in this regard could be construed as a challenge to the administrative judge's determination that the agency invoked the RIF regulations for a legitimate reason, we find them unpersuasive. As the administrative judge correctly noted, an agency is accorded a great deal of discretion in making managerial decisions concerning reorganizations, *see Armstrong v. International Trade Commission*, 74 M.S.P.R. 349, 354 (1997), and we agree with the administrative judge's findings that the agency established that it invoked the RIF regulations for a legitimate management reason and that the record contains no evidence that the reorganization occurred for an improper reason, ID at 3-4.

found that he failed to prove that his protected activity was a contributing factor in his separation by RIF, it is unnecessary to determine whether the agency proved by clear and convincing evidence that it would have taken the action at issue in the absence of his protected activity. *See Clarke v. Department of Veterans Affairs*, 121 M.S.P.R. 154, ¶ 19 n.10 (2014), *aff'd*, 623 F. App'x 1016 (Fed. Cir. 2015). Accordingly, we vacate the administrative judge's findings concerning whether the agency met its clear and convincing burden.

The appellant failed to prove that he engaged in protected activity under 5 U.S.C. § 2302(b)(9)(D).

¶11    When the events at issue in this appeal took place, 5 U.S.C. § 2302(b)(9)(D) made it a prohibited personnel practice to take an action against an employee for "refusing to obey an order that would require the individual to violate a law." Here, the appellant asserts that he engaged in protected activity when he refused to obey an order that would have required him to violate 25 C.F.R. part 81, which governs procedures for secretarial elections. IAF, Tab 36 at 33, Tab 37 at 32, 86. Our reviewing court held that the protection in section 2302(b)(9)(D) extended only to orders that would require the individual to take an action barred by statute. *Rainey v. Merit Systems Protection Board*, 824 F.3d 1359, 1361-62, 1364-65 (Fed. Cir. 2016). Thus, under the law in effect at the time the relevant events took place, the appellant's claim that he disobeyed an order that would have required him to violate an agency regulation fell outside the scope of 5 U.S.C. § 2302(b)(9)(D). *Id.*

¶12    On June 14, 2017, while this matter was pending before the Board, the President signed into law the Follow the Rules Act (FTRA), which amended section 2302(b)(9)(D) by inserting after "law" the words "rule, or regulation." Follow the Rules Act, Pub. L. No. 115-40, 131 Stat. 861 (2017). Therefore, under the FTRA, the appellant's claim that he disobeyed an order that would require him to violate an agency regulation falls within the scope of

section 2302(b)(9)(D).  Accordingly, we must determine whether the FTRA applies to events that occurred prior to its enactment.

¶13     The proper analytical framework for determining whether a new statute should be given retroactive effect was set forth by the Supreme Court in *Landgraf v. USI Film Products*, 511 U.S. 244, 280 (1994):

> When a case implicates a federal statute enacted after the events in suit, the court's first task is to determine whether Congress has expressly prescribed the statute's proper reach.  If Congress has done so, of course, there is no need to resort to judicial default rules.  When, however, the statute contains no such express command, the court must determine whether the new statute would have retroactive effect, *i.e.*, whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed.  If the statute would operate retroactively, our traditional presumption teaches that it does not govern absent clear congressional intent favoring such a result.

¶14     When Congress intends for statutory language to apply retroactively, it is capable of doing so very clearly.  *See, e.g.*, *Presidio Components, Inc. v. American Technical Ceramics Corp.*, 702 F.3d 1351, 1364-65 (Fed. Cir. 2012) (giving retroactive effect to amendments enacted in 2011 in light of express statutory language applying the amendments to "all cases, without exception, that are pending on, or commenced on or after, the date of the enactment of this Act").  Here, the FTRA as enacted is silent regarding retroactivity.[3]  Thus, applying the first part of the *Landgraf* test, we find that Congress has not expressly prescribed the statute's proper reach.

¶15     Turning to the second part of the *Landgraf* test, we find that the FTRA would operate retroactively because it would increase a party's liability for past

---

[3] When it was first introduced in Congress in both 2016 and 2017, the FTRA included a provision explicitly providing that it would apply only to personnel actions taken after the date of enactment.  H.R. 6186, 114th Cong. (2016); H.R. 657, 115th Cong. (2017).  However, that provision was removed from the version of the bill that eventually became law.  FTRA; *see* H.R. Rep. No. 115-67, at 3-4 (2017).

conduct. As noted above, at the time of the appellant's separation, it was not a prohibited personnel practice to take a personnel action against an employee for refusing to obey an order that required him to violate a rule or regulation. *See Rainey*, 824 F.3d at 1361-62.

¶16 There is some indication in the legislative history that Congress intended the FTRA to clarify the meaning of the original language of 5 U.S.C. § 2302(b)(9)(D), which could resolve any retroactivity concerns. *See Day v. Department of Homeland Security*, 119 M.S.P.R. 589, ¶¶ 10-26 (2013).[4] Specifically, the committee report accompanying the House bill that was eventually adopted by both houses of Congress and signed into law by the President states in part, "[t]he [FTRA] was introduced to clarify Congress's original intent with respect to this provision of the Whistleblower Protection Act of 1989." H.R. Rep. No. 115-67, at 3 (2017). However, for the reasons that follow, we find that the FTRA is not a clarification of the prior law.

¶17 First, although declarations of Congressional intent are relevant in determining whether a statutory provision is a clarification, such declarations are entitled to less weight when they appear in legislative history, rather than in the statute itself. *See Cortes v. American Airlines*, *Inc.*, 177 F.3d 1272, 1284 (11th Cir. 1999). Thus, the fact that the committee report includes an expression of intent to clarify existing law is not sufficient alone to demonstrate that the FTRA is a clarification.

¶18 Additionally, we find that the Board's decision in *Day* is distinguishable from the instant case. In *Day*, the Board held that the definition of "disclosure"

---

[4] In his separate opinion in *Day*, then-Member Robbins wrote that the Board should not apply the "clarification doctrine" because that doctrine had been rejected by both the U.S. Court of Appeals for the Federal Circuit and the U.S. Supreme Court. *Day*, 119 M.S.P.R. at 602-03 (Robbins, concurring in part and dissenting in part). We assume for purposes of our analysis in this case that the Board can properly apply the "clarification doctrine."

in the WPEA could be applied to pending cases without raising retroactivity concerns because it merely clarified the prior statutory language. *Day*, 119 M.S.P.R. 589, ¶¶ 10-26. In so holding, the Board noted that the WPEA itself included language indicating that it was a clarification of prior law. *Id.*, ¶ 12. The Board also found that the WPEA provided a reasonable resolution to ambiguity in the prior statutory language. *Id.*, ¶¶ 13-26.

¶19 Here, by contrast, there is nothing in the text of the FTRA itself indicating that it is intended to clarify, rather than change, prior law; in fact, the text of the law suggests the opposite. Whereas the preamble to the WPEA includes a statement that the Act was intended "to clarify the disclosures of information protected from prohibited personnel practices," WPEA, Pub. L. No. 112-199, 126 Stat. 1465 (2012), the preamble to the FTRA indicates that it was intended "to *extend* certain protections against prohibited personnel practices," FTRA (italics added). Additionally, there is no history of conflicting interpretations or other evidence that the prior statutory language was ambiguous, as there was in *Day*. *Compare Day*, 119 M.S.P.R. 589, ¶¶ 13-17 (recounting the history of Board and court decisions defining "disclosure"), *with Rainey*, 824 F.3d at 1361-63 (interpreting 5 U.S.C. § 2302(b)(9)(D) and citing no contrary or conflicting case law). We therefore find that the FTRA is not a clarification of prior statutory language. Accordingly, we apply the traditional presumption against retroactivity, *see Landgraf*, 511 U.S. at 280, and we hold that the FTRA does not apply to events that occurred before its enactment. Thus, the appellant's claims that the agency retaliated against him for refusing to obey orders that would require him to violate agency rules or regulations are outside the scope of section 2302(b)(9)(D).

¶20 The appellant appears to have alleged below that the agency retaliated against him for refusing to obey an order that would have required him to violate a statute, a claim that does fall within the scope of the pre-FTRA version of 5 U.S.C. § 2302(b)(9)(D). IAF, Tab 37 at 5 (alleging "repeated orders that [the

appellant] violate the controlling secretarial election law and regulations"). In support of that allegation, the appellant cited 25 U.S.C. § 476. *Id.* That section, which has been transferred to 25 U.S.C. § 5123, provides general rules for secretarial elections. *Id.*

¶21　　The essence of the appellant's statutory claim under 5 U.S.C. § 2302(b)(9)(D) appears to be that he was improperly ordered "to stay out of the election process and to defer" to tribal attorneys. IAF, Tab 37 at 42. The appellant has not explained how such an order would have required him to violate a statute, and we find that nothing in 25 U.S.C. § 5123 prohibits an agency employee from deferring to tribal officials. We therefore find that the appellant failed to establish that he engaged in protected activity under section 2302(b)(9)(D).

The appellant's remaining arguments on review do not provide a basis for reversing the initial decision.

¶22　　On review, the appellant argues that the administrative judge abused her discretion when she "prevented [him] from delivering his planned case-in-chief" by interrupting his testimony with irrelevant questions and ultimately discouraging him from continuing to testify. PFR File, Tab 1 at 15-17. It is well settled that an administrative judge has broad discretion to control the course of the hearing before her. *Lopes v. Department of the Navy*, 119 M.S.P.R. 106, ¶ 9 (2012). Rulings regarding the exclusion of evidence are subject to review by the Board under an abuse of discretion standard. *See id.*, ¶ 11. We have reviewed the hearing testimony in its entirety and find no abuse of discretion in the administrative judge's treatment of the appellant. Specifically, we find that she did not prevent him from testifying or otherwise obstruct his testimony. Even assuming she had done so, however, we find that the appellant's rights were not prejudiced because the document he claims he was prevented from reading into the record was already contained in the record, and the appellant has not shown that the administrative judge failed to consider any relevant evidence contained in

the document.  PFR File, Tab 1 at 6 n.2, 15; IAF, Tab 37; *see Marques v. Department of Health and Human Services*, 22 M.S.P.R. 129, 132 (1984) (recognizing that an administrative judge's failure to mention all of the evidence of record does not mean that she did not consider it in reaching her decision), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).  In addition, the majority of the document pertained to the appellant's arguments concerning the agency's alleged failure to meet its clear and convincing burden, and such evidence would not have resulted in an outcome different from that of the initial decision in light of our finding that the appellant failed to establish that his protected activity was a contributing factor in his separation.  *See Sanders v. Social Security Administration*, 114 M.S.P.R. 487, ¶ 10 (2010) (reiterating that, to obtain reversal of an initial decision on the ground that the administrative judge abused his discretion in excluding evidence, the petitioning party must show on review that relevant evidence, which could have affected the outcome, was disallowed).

¶23        As alleged new evidence, the appellant submitted the deposition transcripts of the Regional Director and another official who testified at the hearing, a highlighted version of the prehearing statement he submitted below, and a document reflecting the status of an agency position for which he previously applied.  PFR File, Tab 1 at 21-192.  Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence.  *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).  The appellant has not made this required showing. Even if he had, however, he has not shown that the documents are material to his appeal.  *See Clarke*, 121 M.S.P.R. 154, ¶ 18 (explaining that evidence offered merely to impeach a witness's credibility generally is not considered new and material); *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (holding that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that

of the initial decision); *Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980) (finding that evidence that is already a part of the record is not new). Accordingly, we have not considered these documents.[5]

¶24 We have considered the remaining arguments raised by the appellant on review, including his allegations concerning the manner in which the administrative judge drafted the initial decision and analyzed the facts, PFR File, Tab 1 at 4 n.1, and we find they provide no basis for disturbing the initial decision.[6]

## ORDER

¶25 This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their

---

[5] The agency also submitted alleged new evidence on review. PFR File, Tab 4 at 16-30. We find, however, that the evidence is not material to the outcome of the appeal. *See Russo*, 3 M.S.P.R. at 349.

[6] The appellant has not challenged the administrative judge's findings concerning his age discrimination claim, and we discern no basis to disturb these findings.

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.

petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

/s/
_____
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.