# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DUC V. LE,

                Appellant,

        v.

DEPARTMENT OF VETERANS
    AFFAIRS,

                Agency.

DOCKET NUMBER
CH-1221-19-0060-W-1

DATE: July 1, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Lori Liddell</u>, Tomah, Wisconsin, for the appellant.

<u>John Jakubiak</u>, Esquire, Milwaukee, Wisconsin, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and
did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the appellant exhausted his administrative remedies with the Office of Special Counsel (OSC) and made a nonfrivolous allegation that he engaged in protected activity under 5 U.S.C. § 2302(b)(9)(C), we AFFIRM the initial decision.

## BACKGROUND

The appellant, a GS-13 Pharmacist, filed a Board appeal alleging that the agency retaliated against him for his whistleblowing activities and disclosures.[2] Initial Appeal File (IAF), Tab 1 at 5-6, 8. The administrative judge issued an order providing the appellant with his burden of establishing Board jurisdiction over an IRA appeal. IAF, Tab 3. The appellant did not respond to the order.

---

[2] The appellant also indicated on his Board appeal form that he was appealing a negative suitability determination. Initial Appeal File, Tab 1 at 4. Because the nature of the appellant's appeal was unclear, the administrative judge docketed a separate adverse action appeal. The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. *Le v. Department of Veterans Affairs*, MSPB Docket No. CH-3443-19-0061-I-1, Initial Decision (Nov. 28, 2018). The appellant filed a petition for review and the Board issued a Final Order denying the petition and affirming the initial decision. *Le v. Department of Veterans Affairs*, MSPB Docket No. CH-3443-19-0061-I-1, Final Order (Apr. 8, 2024).

Thereafter, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 7, Initial Decision (ID). The administrative judge found that it appeared that the appellant was alleging that the agency failed to grant him a reasonable accommodation because he filed a report with the agency's Office of Inspector General (OIG) and an equal employment opportunity (EEO) complaint. ID at 3. The administrative judge found that the appellant failed to nonfrivolously allege that any of his disclosures or activities were protected. ID at 4-5. In particular, the administrative judge found that the Whistleblower Protection Enhancement Act of 2012 (WPEA)[3] only extends protection to an OIG report or EEO complaint if such a report or complaint was filed with regard to remedying a violation of the disclosures listed under 5 U.S.C. § 2302(b)(8). ID at 4. The administrative judge found that the appellant's EEO complaint and OIG report did not seek to remedy a violation under this section and, accordingly, were not protected. ID at 4-5. In addition, the administrative judge found that the appellant failed to exhaust his administrative remedies with OSC. ID at 6. In relevant part, the administrative judge found that the appellant did not identify what he reported to the agency's OIG or the nature of his EEO complaint. *Id.*

The appellant timely filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has not filed a response.

## DISCUSSION OF ARGUMENTS ON REVIEW

To establish jurisdiction in an IRA appeal, an appellant generally must show by preponderant evidence that he exhausted his administrative remedies before OSC and make nonfrivolous allegations that (1) he made a disclosure

---

[3] Pursuant to the WPEA, effective December 27, 2012, Congress expanded the grounds on which an appellant may file an IRA appeal with the Board. *Rebstock Consolidation v. Department of Homeland Security*, 122 M.S.P.R. 661, ¶ 5 (2015). Because all of the material events in this appeal occurred after December 27, 2012, the WPEA applies to this appeal. The relevant holdings of pre-WPEA case law that we have cited in this decision have not been affected by the WPEA.

described under 5 U.S.C. § 2302(b)(8) or engaged in a protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 8 (2016), *overruled on other grounds by Requena v. Department of Homeland Security*, 2022 MSPB 39. A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

<u>The appellant has proven exhaustion of his OSC remedies by preponderant evidence.</u>

The Board, in *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶¶ 10-11, clarified the substantive requirements of exhaustion. The requirements are met when an appellant has provided OSC with a sufficient basis to pursue an investigation. The Board's jurisdiction is limited to those issues that were previously raised with OSC. However, appellants may give a more detailed account of their whistleblowing activities before the Board than they did to OSC. *Id.* Appellants may demonstrate exhaustion through their initial OSC complaint; evidence that they amended the original complaint, including but not limited to OSC's determination letter and other letters from OSC referencing any amended allegations; and, their written responses to OSC referencing the amended allegations. *Id.* Appellants also may establish exhaustion through other sufficiently reliable evidence, such as an affidavit or a declaration attesting that they raised with OSC the substance of the facts in the Board appeal. *Id.*

Here, for the first time on review, the appellant submits his initial OSC complaint and his email correspondence with OSC. PFR File, Tab 1 at 7-22, 36-38. The issue of the Board's jurisdiction is always before the Board and may be raised by either party or sua sponte by the Board at any time during a Board proceeding. *Simnitt v. Department of Veterans Affairs*, 113 M.S.P.R. 313, ¶ 5 (2010). Thus, we will consider the appellant's OSC complaint and his email

correspondence with OSC as jurisdictional evidence. *See id.*, ¶¶ 5, 9 (remanding the appellant's IRA appeal for adjudication based on evidence of OSC exhaustion submitted for the first time on review).

In his OSC complaint, the appellant alleged that he filed a report with the OIG on October 29, 2017, and an EEO complaint on October 26, 2017. PFR File, Tab 1 at 14. He further stated that he reported in his EEO complaint that the agency failed to follow Office of Diversity and Inclusion guidelines and the Americans with Disabilities Act. *Id.* at 15. It appears that, in response to an email from an OSC attorney requesting further information, *id.* at 37-38, the appellant provided the OSC attorney with email correspondence between himself and an EEO counselor, *id.* at 20-36, 67-85. In his correspondence regarding his EEO complaint, the appellant alleged, inter alia, that the agency violated his privacy, denied his reasonable accommodation requests, and treated him disparately from his coworkers. *Id.* at 67.

The appellant contended in his initial OSC complaint that he suffered personnel actions on June 8 and October 23, 2017. *Id.* at 15. In response to an email from an OSC attorney requesting that the appellant describe what took place on those dates, *id.* at 37-38, the appellant stated that his reasonable accommodation requests were denied, *id.* at 20. He alleged that the agency also denied his reasonable accommodation requests on January 31, April 13, August 1, September 1, and November 24, 2017. *Id.* at 20-21.

Based on the foregoing, we find that the appellant exhausted these claims with OSC. Although, as noted above, the administrative judge stated that the appellant did not describe the content of his report to the OIG, it is unnecessary for us to determine this issue at the jurisdictional stage. ID at 6; *Fisher v. Department of the Interior*, 2023 MSPB 11, ¶ 8 & n.1. Under the broadly worded provision of 5 U.S.C. § 2302(b)(9)(C), disclosures of information to an agency's OIG are protected regardless of their content, as long as such disclosures are made "in accordance with applicable provisions of law." *Fisher*,

2023 MSPB 11, ¶ 8. Accordingly, we find that the appellant exhausted these claims before OSC and modify the initial decision accordingly.

<u>The appellant has made a nonfrivolous allegation that he engaged in protected activity under 5 U.S.C. § 2302(b)(9)(C).</u>

Next, we turn to the issue of whether the appellant made a nonfrivolous allegation of a protected disclosure under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). *See Corthell*, 123 M.S.P.R. 417, ¶ 8. The Board has long held that reprisal for filing an EEO complaint is a matter relating solely to discrimination and is not protected by 5 U.S.C. § 2302(b)(8). *Williams v. Department of Defense*, 46 M.S.P.R. 549, 554 (1991). Despite expanding the scope of whistleblower protection in other ways, the WPEA has not altered the long-standing administrative and judicial interpretation that Title VII-related claims are excluded from protection under the whistleblower statutes. *Edwards v. Department of the Labor*, 2022 MSPB 9, ¶ 22, *aff'd*, No. 22-1967 (Fed. Cir. July 7, 2023).

Rather, reprisal for exercising an EEO right is a prohibited personnel practice under 5 U.S.C. § 2302(b)(9). *Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶¶ 7, 10 (2014); *Williams*, 46 M.S.P.R. at 553. As relevant in this case, under 5 U.S.C. § 2302(b)(9)(A), it is a protected activity to exercise "any appeal, complaint, or grievance right granted by any law, rule, or regulation —(i) with regard to remedying a violation of [5 U.S.C. § 2302(b)(8)]; or (ii) other than with regard to remedying a violation of [5 U.S.C. § 2302(b)(8)]." However, of the two provisions, an employee or applicant for employment may seek corrective action from the Board only for protected activity under 5 U.S.C. § 2302(b)(9)(A)(i). 5 U.S.C. § 1221(a); *Edwards*, 2022 MSPB 9, ¶ 24.

Here, the administrative judge found that the appellant's EEO complaint did not seek to remedy alleged whistleblower reprisal under section 2302(b)(8). ID at 4-5. We have reviewed the appellant's newly submitted evidence pertaining

to his EEO complaint and discern no basis for disturbing this finding on review.

Thus, the administrative judge correctly found that the appellant failed to nonfrivolously allege that he engaged in protected activity under 5 U.S.C. § 2302(b)(9)(A)(i). *See Edwards*, 2022 MSPB 9, ¶ 25 (finding that the appellant failed to show that he engaged in protected activity under section 2302(b)(9)(A)(i) when his complaints to the agency's EEO office did not seek to remedy alleged whistleblower reprisal).

However, we find that the appellant engaged in protected activity when he disclosed information to the agency's OIG. Under 5 U.S.C. § 2302(b)(9)(C), an employee engages in protected activity when he cooperates with or discloses information to an agency's OIG, in accordance with applicable provisions of law. *Fisher*, 2023 MSPB 11, ¶ 8. Contrary to the administrative judge's statement in the initial decision, there is no requirement that the appellant's disclosure to the OIG seek to remedy whistleblower reprisal. *See id.*; ID at 6. Here, the appellant has nonfrivolously alleged that he engaged in protected activity under section 2302(b)(9)(C) by filing a complaint with the agency's OIG. Because the administrative judge found that the appellant failed to make a nonfrivolous allegation that he engaged in protected activity, we modify the initial decision to reflect that the appellant nonfrivolously alleged that he engaged in protected activity under section 2302(b)(9)(C). However, as discussed below, any such error by the administrative judge did not prejudice the appellant's substantive rights because the appellant nonetheless failed to establish jurisdiction over his IRA appeal. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

<u>The appellant has failed to nonfrivolously allege that his protected activity was a contributing factor in a personnel action.</u>

As noted above, to establish jurisdiction over an IRA appeal, the appellant must nonfrivolously allege that he engaged in protected activity that was a

contributing factor in a personnel action. *Corthell*, 123 M.S.P.R. 417, ¶ 8. To satisfy the contributing factor criterion at the jurisdictional stage, an appellant need only raise a nonfrivolous allegation that his protected activity was one factor that tended to affect the personnel action in any way. *See Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 10 (2013). One way to establish this criterion is the knowledge-timing test, under which an employee may nonfrivolously allege that the protected activity was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official taking the personnel action knew of the protected activity, and that the personnel action occurred within a period of time such that a reasonable person could conclude that the protected activity was a contributing factor in the personnel action. *Id.* An appellant also may show that the protected activity was a contributing factor by proving that the official taking the action had constructive knowledge of the protected activity, even if the official lacked actual knowledge. *See Nasuti v. Department of State*, 120 M.S.P.R. 588, ¶ 7 (2014).

As set forth above, the appellant alleged that the agency failed to approve his accommodation requests on January 31, April 13, June 8, August 1, September 1, October 23, and November 24, 2017. PFR File, Tab 1 at 15, 20-21. The appellant filed his OIG complaint on October 29, 2017. *Id.* at 14. Thus, the appellant's OIG complaint could not have been a contributing factor in the agency's failure to approve his reasonable accommodation requests on January 31, April 13, June 8, August 1, September 1, and October 23, 2017. *See Johnson v. Department of Justice*, 104 M.S.P.R. 624, ¶ 26 (2007) (disclosures made after the agency has already taken the personnel actions at issue cannot have been contributing factors in the personnel actions and do not support a nonfrivolous allegation that the disclosures were contributing factors in the personnel actions).

Regarding the agency's alleged denial of his reasonable accommodation request on November 24, 2017, the appellant has failed to nonfrivolously allege

that any agency official involved in the denial of his request had actual or constructive knowledge of his OIG complaint. Thus, the appellant has failed to nonfrivolously allege that his OIG report was a contributing factor in the agency's November 24, 2017 denial of his reasonable accommodation request under the knowledge-timing test. *See Mudd*, 120 M.S.P.R. 365, ¶ 10.

However, the knowledge-timing test is not the only way an appellant can establish that his protected disclosures were a contributing factor in the agency's decision to take a personnel action against him. The Board has held that, if an appellant has failed to satisfy the knowledge-timing test, it shall consider other evidence, such as evidence pertaining to the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing activity was personally directed at the officials in question, and whether they had a desire or motive to retaliate against the appellant. *See Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 15 (2012).

We first consider the strength or weakness of the agency's reasons for denying the appellant's November 24, 2017 reasonable accommodation request. *See id.* The appellant merely alleges, without supporting evidence or argument, that, on November 24, 2017, his "reasonable accommodation requests for 5 minute[] breaks as needed was denied by the inappropriate [Designated Management Official (DMO)]." PFR File, Tab 1 at 20. The appellant's unsubstantiated and vague allegations fail to raise a material issue about the weakness of the agency's reasons for denying his November 24, 2017 reasonable accommodation request. *See also Dorney*, 117 M.S.P.R. 480, ¶ 18 (finding that the appellant satisfied the contributing factor criterion at the jurisdictional stage by, among other things, raising a material issue about the strength or weakness of the agency's reasons for the personnel action at issue). As previously noted, the appellant has the burden of establishing jurisdiction over his IRA appeal, which includes the burden of meeting the contributing factor requirement. *See Corthell*,

123 M.S.P.R. 417, ¶ 8 (setting forth the appellant's burden of establishing jurisdiction over an IRA appeal).

Next, we turn to the issue of whether the whistleblowing activity was personally directed at the officials in question. *See Dorney*, 117 M.S.P.R. 480, ¶ 15. While the appellant does not specify who the DMO was in respect to the November 24, 2017 denial of his reasonable accommodation request, he refers to the Medical Center Director as the DMO when describing other denials of his reasonable accommodation requests. PFR File, Tab 1 at 20. The appellant's October 29, 2017 OIG report mentioned the Medical Center Director and alleges that she had improperly appointed herself as DMO. *Id.* at 39. Therefore, there is evidence that the appellant's whistleblowing activity was directed towards at least one of agency officials involved in the November 24, 2017 denial of his reasonable accommodation request.

However, we discern no other evidence that could indicate that the Medical Center Director had a motive or desire to retaliate against the appellant. There is no evidence that the Medical Center Director was embarrassed or inconvenienced by the appellant's OIG complaint. According to the appellant, the Medical Center Director had denied at least some of his other reasonable accommodation requests prior to his OIG complaint. *Id.* at 20. Thus, we find that, to the extent the appellant's OIG complaint created a retaliatory motive for the Medical Center Director, any such retaliatory motive was slight. Weighing the factors set forth above, we find that the appellant failed to nonfrivolously allege that his protected activity was a contributing factor in the November 24, 2017 denial of his reasonable accommodation request.

The appellant has therefore failed to establish jurisdiction over his IRA appeal. We therefore affirm the initial decision dismissing the appeal for lack of jurisdiction, except as modified as set forth above.

**NOTICE OF APPEAL RIGHTS[4]**

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>.** This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]   The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD:        _____
                     Gina K. Grippando
                     Clerk of the Board

Washington, D.C.