# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CARMEN LURENE DYER,
            Appellant,

     v.

DEPARTMENT OF THE AIR FORCE,
            Agency.

DOCKET NUMBER
CH-1221-20-0266-W-1

DATE: July 10, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Jeffrey M. Silverstein</u>, Esquire, Cincinnati, Ohio, for the appellant.

<u>Alana Kitchen</u>, Esquire, Wright-Patterson Air Force Base, Ohio, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REVERSE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant filed this IRA appeal with the Board, and she requested a hearing. Initial Appeal File (IAF), Tab 1 at 1-2, 25. Among other things, she argued that her removal from her Intelligence Analysis Engineer position in October 2019 constituted reprisal for filing a complaint with the agency's Inspector General (IG) in March 2019. *Id.* at 7-9, 11, 22-25. The appellant's IG complaint pertained to her interactions with security personnel on March 19, 2019, who she claimed had misused their authority, issued her an unwarranted citation, and wasted resources. *Id.* at 7, 9, 11.

In an Order on Jurisdiction and Proof Requirements, the administrative judge informed the appellant that there was a question of whether the Board has jurisdiction over this appeal. She apprised her of the elements and burden of proving jurisdiction in an IRA appeal and ordered her to file a statement with accompanying evidence on the jurisdictional issue. IAF, Tab 3. The appellant did not respond. IAF, Tab 8, Initial Decision (ID) at 5.

Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. ID at 1, 7. Specifically, the administrative judge found that, although the appellant proved she exhausted her administrative remedies before the Office of Special Counsel (OSC), she failed to make a nonfrivolous allegation that she engaged in protected activity under 5 U.S.C. § 2302(b)(9)(C) by filing an IG complaint. ID at 3-7.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response, PFR File, Tab 4, to which the appellant has replied, PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant has established the Board's jurisdiction over this IRA appeal.</u>

As relevant here, to establish jurisdiction in an IRA appeal, an appellant must prove by preponderant evidence that she exhausted her administrative remedies before OSC and make nonfrivolous allegations that (1) she made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A).[2] *Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 8 (2016), *overruled on other grounds by Requena v. Department of Homeland Security*, 2022 MSPB 39. Once an appellant establishes jurisdiction over an IRA appeal, she is entitled to a hearing on the merits of her claim, which she must prove by preponderant evidence. *Rebstock Consolidation v. Department of Homeland Security*, 122 M.S.P.R. 661, ¶ 9 (2015). For the following reasons, we find that the appellant has established jurisdiction over this IRA appeal.

The parties do not dispute, and we discern no reason to disturb, the administrative judge's finding that the appellant proved she exhausted her administrative remedies before OSC. PFR File, Tab 1 at 4-6, Tab 4; ID at 5. Thus, the dispositive jurisdictional issue on review is whether the appellant has made nonfrivolous allegations that she made a whistleblowing disclosure or engaged in a protected activity that was a contributing factor in her removal.[3] *See Corthell*, 123 M.S.P.R. 417, ¶ 8. To satisfy the contributing factor criterion at the jurisdictional stage, an appellant only need raise a nonfrivolous allegation that the fact of, or content of, the whistleblowing disclosure or protected activity was one

---

[2] The National Defense Authorization Act for Fiscal Year 2018 (NDAA), Pub. L. No. 115-91, 131 Stat. 1283, was signed into law on December 12, 2017, after some of the events alleged in this appeal occurred. Section 1097 of the NDAA amended various provisions of title 5 of the U.S. Code. Our decision to remand this appeal would be the same under both pre- and post-NDAA law.

[3] A removal is a personnel action identified in 5 U.S.C. § 2302(a)(2)(A)(iii).

factor that tended to affect the personnel action in any way. *See Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 13 (2016). Under the knowledge/timing test, an appellant may nonfrivolously allege that the disclosure or activity was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official who took the personnel action knew of the disclosure or activity and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure or activity was a contributing factor in the personnel action. *See* 5 U.S.C. § 1221(e)(1); *Salerno*, 123 M.S.P.R. 230, ¶ 13.

Protected activity under 5 U.S.C. § 2302(b)(9)(C) is "cooperating with or disclosing information to the Inspector General (or any other component responsible for internal investigation or review) of an agency, or the Special Counsel, in accordance with applicable provisions of law." The appellant provided a copy of an IG complaint that she filed in March 2019, concerning her interactions with security personnel on March 19, 2019. IAF, Tab 1 at 11. Therefore, we find that the appellant has nonfrivolously alleged that she engaged in protected activity under 5 U.S.C. § 2302(b)(9)(C) by filing an IG complaint.[4]

Regarding the contributing factor criterion, the appellant's October 2019 removal occurred approximately 7 months after she filed the IG complaint in March 2019. IAF, Tab 1 at 11, 22-24. Thus, the timing component of the knowledge/timing test is satisfied. *See Salerno*, 123 M.S.P.R. 230, ¶ 14 (observing that the Board has held that a personnel action taken within approximately 1 to 2 years of the appellant's disclosures satisfies the timing component of the knowledge/timing test). In addition, the record reflects that, in

---

[4] We decline to address the parties' arguments regarding the substance of the appellant's disclosures to the IG. Under the broadly worded provision of 5 U.S.C. § 2302(b)(9)(C), disclosures of information to an agency's IG are protected regardless of their content, as long as they are made "in accordance with applicable provisions of law." PFR File, Tab 1 at 4-6, Tab 4 at 4-9; *see Fisher v. Department of the Interior*, 2023 MSPB 11, ¶ 8. However, the nature of her disclosures to the IG may be relevant at the merits stage of the appeal. *See id.*, ¶ 8 n.1.

deciding to remove the appellant in October 2019, the deciding official considered the appellant's September 2019 written reply in which she both discussed and included a copy of her IG complaint. IAF, Tab 5 at 23-24, 26-27, 30, 33-37. Thus, we find that the appellant has nonfrivolously alleged that the deciding official had knowledge of the appellant's IG complaint. We further find that, under the knowledge/timing test, the appellant has nonfrivolously alleged that her IG complaint was a contributing factor in her removal.

Accordingly, because the appellant exhausted her administrative remedies before OSC and has nonfrivolously alleged that she engaged in a protected activity that was a contributing factor in her removal, we remand this IRA appeal for the appellant's requested hearing and a decision on the merits of her claim. Specifically, on remand, the administrative judge shall adjudicate the appellant's claim that her removal constituted reprisal for a March 2019 IG complaint that she filed concerning her interactions with security personnel on March 19, 2019.

<u>The parties' remaining arguments and submission of evidence on review do not warrant a different outcome.</u>

On review, both parties have raised arguments regarding the merits of the agency's removal action. PFR File, Tab 1 at 4-6, Tab 4 at 4-9. For the first time on review, the agency has submitted a decision from the State of Ohio Unemployment Compensation Review Commission that postdates the close of the record before the administrative judge.[5] PFR File, Tab 4 at 5 & n.2, 18-22; IAF, Tab 3 at 1, 8. The agency claims that this new evidence is relevant because the commission held that the appellant was discharged by the agency "for just cause in connection with work." PFR File, Tab 4 at 5, 7-9, 20-21. We find that the parties' arguments and evidence regarding the merits of the agency's removal action are immaterial to the jurisdictional issue currently before the Board.

---

[5] In addition, the agency has resubmitted its narrative response on the jurisdictional issue. PFR File, Tab 4 at 13-16; IAF, Tab 5 at 11-14.

Moreover, the Board lacks general jurisdiction to decide the merits of the underlying personnel action in the context of an IRA appeal. *See Marren v. Department of Justice*, 51 M.S.P.R. 632, 638-39 (1991), *aff'd*, 980 F.2d 745 (Fed. Cir. 1992) (Table), *and modified on other grounds by Robinson v. U.S. Postal Service*, 63 M.S.P.R. 307, 323 n.13 (1994). Nevertheless, on remand, the administrative judge should consider the parties' arguments and evidence to the extent that they are relevant or material to the appellant's reprisal claim. *See id.*

To the extent that the appellant is arguing that the administrative judge is biased because she "relied upon her selective view" to close the case prematurely, we find that this is an insufficient basis to rebut the presumption of honesty and integrity that accompanies an administrative judge. PFR File, Tab 1 at 6; *see Mattil v. Department of State*, 118 M.S.P.R. 662, ¶ 31 n.5 (2012) (finding no reason to order an IRA appeal reassigned to another administrative judge on remand based on the appellant's claim of adjudicatory bias). In sum, we have considered the parties' remaining arguments and submission of evidence on review but find they do not warrant a different outcome of the appeal.

**ORDER**

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD:                    _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.